# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOSSELINE P.G., | No. 1:25-cv-01794-JLT-SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION FOR PRELIMINARY INJUNCTION, DIRECTING RESPONDENTS TO RELEASE PETITIONER, AND ENJOINING RESPONDENTS FROM RE-DETAINING PETITIONER |
| v. | |
| KRISTI NOEM, et al., | Docs. 2, 12 |
| Respondents. | |

Yosseline P.G. is an asylum-seeker proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 23, 2026, the assigned magistrate judge issued findings and recommendations to grant the motion for preliminary injunction. (Docs. 2, 12.) On January 23, 2026, Respondents filed objections to the findings and recommendations. (Doc. 13.)

According to 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a de novo review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper

1

analysis.[1]  Thus, the Court **ORDERS**:

1. The findings and recommendations issued on January 23, 2026, Doc. 12, are **ADOPTED IN FULL**.

2. The motion for preliminary injunction, Doc. 2, is **GRANTED**.

3. Respondents are ordered to **RELEASE PETITIONER IMMEDIATELY**.

4. Respondents are enjoined from re-detaining petitioner unless her re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of proving, by clear and convincing evidence, that petitioner presents a flight risk or danger to the community.

5. The parties are advised to notify the Court within seven days whether they wish to submit further briefing or submit the petition on the filings already submitted.

6. The matter is referred to the magistrate judge for further proceedings and preparation of findings and recommendations on the merits of the petition.

IT IS SO ORDERED.

Dated:   **January 29, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the magistrate judge specifically explained that the record in this case reveals only one potential supervised release violation: a single missed appointment that Petitioner claims was due to lack of notice caused by a change of address. (*See* Doc. 12 at 3.) As the finding and recommendations indicate, Petitioner updated her address in the USCIS online database, yet ICE refused to consider the possibility of an error in the delivery of notice about the appointment. (*Id*.) The Findings and Recommendations emphasized that Respondents **do not** contend that this missed appointment support that a flight risk or danger to the community exist and acknowledge that Petitioner was otherwise compliant with the conditions of her release for the four years prior. (Doc. 12 at 7–8.) Respondents did not contest that finding in their objections. (*See generally* Doc. 13.)